Curia.

The verdict in this case is in direct contradiction to the record, which says expressly that the respondent appeared, but did *161 not show sufficient cause. If he claimed to be exempted from the payment of any damages at all, he should have pleaded to issue, and the issue would have been tried at the bar of the court. Having neglected so to do, the sheriff’s jury were bound to give the complainant some damages. This verdict cannot be supported (2).
Proceedings quashed.

 [As to the question how far the act of 1795, c. 74, is consistent with the constitution, see note to Stowell vs. Flagg, 10 Mass. 366.—To what is there said, it may be added, that, by the tenth section of the declaration of rights, it is declared that no part of the property of any individual can, with justice, be taken from him, or applied to public uses without his own consent, or that of the representative body of the people. If judicial decisions, and very long practice in this and analogous cases, had not determined otherwise, it would seem clear that authority must be given in each case by the legislature, as is the case in England. For the power is expressly intrusted to them alone; and to them only, when the public exigencies require it; and they, according to the rules of law, cannot delegate it to a jury, or any other persons.—Ed.]